IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NEIL GILMOUR, III, TRUSTEE FOR THE GRANTOR TRUSTS OF VICTORY MEDICAL CENTER CRAIG RANCH, LP, VICTORY MEDICAL CENTER LANDMARK, LP, VICTORY MEDICAL CENTER MID-CITIES, LP, VICTORY MEDICAL CENTER PLANO, LP, VICTORY MEDICAL CENTER SOUTHCROSS, LP, VICTORY SURGICAL HOSPITAL EAST HOUSTON, LP, AND VICTORY MEDICAL CENTER BEAUMONT, LP,** <br><br>Plaintiffs, <br><br>v. <br><br>**AETNA HEALTH INC., AETNA HEALTH INSURANCE COMPANY, AND AETNA LIFE INSURANCE COMPANY,** <br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § | **Miscellaneous Action No. 4:19-mc-2228** <br><br><br><br>**CIVIL ACTION NO. 5:17-cv-00510-FB** in the United States District Court for the Western District of Texas, San Antonio Division |

**EMERGENCY MOTION TO QUASH NOTICE OF DEPOSITION OF
NONPARTY ROBERT N. HELMS AND
FOR PROTECTIVE ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

Robert N. Helms, by and through his attorney, Michael Wynne, files this Emergency Motion to Quash the Notice of Deposition of Robert N. Helms and for Protective Order, and in support thereof would show the Court the following:

I.

On or about July 19, 2019, Robert N. Helms ("Mr. Helms") received Defendant's Notice of

Deposition of Robert N. Helms (the "Notice") purportedly issued in Civil Action No. 5:17-cv-00510-FB, *Neil Gilmour, III, Trustee for the Grantor Trusts of Victory Medical Center Craig Ranch, LP, et al. v. Aetna Health, Inc., et al.*; in the United States District Court for the Western District of Texas, San Antonio Division (the "Litigation"). The Notice seeks a deposition of Mr. Helms on August 7, 2019, at 10:00 a.m. at the offices of Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200, Houston, Texas 77002, without the agreement, conference, or consent of Mr. Helms, despite knowing the identity and contact information of the undersigned counsel who has been counsel for Mr. Helms. Mr. Helms is a nonparty to the Litigation, and Mr. Helms has not consented to a deposition by notice only.  A true and correct copy of said Notice is attached hereto as Exhibit "A."

On July 23, 2019, Mr. Helms sought to confer with Aetna to move the deposition to an agreed date and time.  As of the filing of this motion, Aetna has refused Mr. Helms' overtures, thus necessitating the intercession of this Court.

Mr. Helms seeks to quash the Notice and seeks a protective order under Federal Rule of Civil Procedure 26(c), which permits Mr. Helms to petition the court for the district where the deposition will be taken, the United States District Court for the Southern District of Texas, Houston Division. The grounds for this motion are procedural deficiencies pertaining to the setting of the deposition, annoyance, and the time and place of the deposition of Mr. Helms.

II.

Counsel objects to the Notice for the following reasons:

1. The notice is ineffective because Mr. Helms is not a party to this lawsuit, is not under the control of a party to this lawsuit, and has not consented to having his deposition taken by notice alone because Defendants never asked him.  To obtain an order compelling a non-party to appear for a deposition without their consent, the party seeking the non-consensual deposition must not only notice the deposition, but also properly serve the non-party with a deposition subpoena pursuant to

Rule 45 of the Federal Rules of Civil Procedure. *Jackson v. Stevens Transp., Inc.*, No. 3:14-cv-1416-M, 2015 U.S. Dist. LEXIS 5318, at *14 (N.D. Tex. Jan. 15, 2015); *Morawski v. Farmers Tex. Cty. Mut. Ins. Co.*, No. 3:14-mc-21-D-BN, 2014 U.S. Dist. LEXIS 23509, at *2-3 (N.D. Tex. Feb. 24, 2014) (citing *Bricker v. R&A Pizza, Inc.*, No. 2:10-cv-278, 2011 U.S. Dist. LEXIS 100619, 2011 WL 3941982, at *3 (S.D. Ohio Sept. 6, 2011)).

2.   The date and time of the proposed deposition were chosen unilaterally without agreement or discussion with the undersigned counsel for Mr. Helms - despite the fact that Aetna had full knowledge of the identity of and contact information for Mr. Helms' counsel.  Indeed, Aetna emailed Mr. Helms' counsel as part of its attempted service of the Notice.  Notably, this service is also ineffective because in the absence of consent, which was never sought by Defendants, service must be proper under Rule 45 which requires delivery to the named person. *Ferrara v. 4JLJ, LLC*, No. 2:15-CV-182, 2016 U.S. Dist. LEXIS 124639 (S.D. Tex. Sept. 14, 2016).  In response to the e-mail from Aetna, the undersigned counsel informed Aetna that the noticed date was not feasible and offered to work with Aetna to obtain alternative dates.  ***Aetna refused to respond.***

3.   The Notice does not allow a reasonable time for Mr. Helms to comply or adequately prepare for the requested deposition.  If Aetna had appropriately consulted with Mr. Helms prior to scheduling the deposition, Aetna would have learned that Mr. Helms has been unavailable for any deposition preparation for the past three weeks due to work obligations and the process of moving into a new home.

4.   The Notice does not allow a reasonable time for Mr. Helms' counsel to adequately prepare him for the requested deposition.  If counsel for Aetna had appropriately consulted with the undersigned counsel prior to scheduling the deposition, they would have learned that counsel has not had adequate available time to prepare for Mr. Helms' deposition because of other work commitments, including but not limited to out of town engagements.  Indeed, the undersigned counsel

is out of town at the time of the filing of this motion.

     5.     The Notice unilaterally scheduled the deposition at the offices of Defendant's counsel. When the deposition does occur, Mr. Helms requests that the deposition occur at his counsel's offices – Hughes Arrell Kinchen LLP, 1221 McKinney Street, Suite 3150, Houston, Texas 77010.

WHEREFORE, PREMISES CONSIDERED, Mr. Helms respectfully requests that the Court quash the Aetna's Notice of Deposition of Mr. Helms, and for such other and further relief that may be awarded at law or in equity, including expenses permitted under Federal Rule of Civil Procedure 26(c)(3).

Dated July 31, 2019.

                                    Respectfully submitted,

                                    **HUGHES ARRELL KINCHEN LLP**

                                    By: /s/ *Michael J. Wynne*
                                    Michael J. Wynne
                                    Federal I.D. No. 18569
                                    Texas Bar No. 00785289
                                    1221 McKinney, Suite 3150
                                    Houston, Texas 77010
                                    Telephone: (281) 450-7403
                                    Facsimile: (713) 568-1747

                                    **ATTORNEY FOR ROBERT N. HELMS**

## **CERTIFICATE OF CONFERENCE**

I certify that I have attempted to confer with Defendants' counsel concerning the relief sought herein and the offer of alternative dates, but Defendants' counsel has not responded to my attempts. I will continue to seek to present my client for deposition at an agreed date and time.

/s/ *Michael J. Wynne*
Michael J. Wynne

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July 2019, a true and correct copy of the foregoing has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure.

/s/ *Michael J. Wynne*
Michael J. Wynne